UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11878-GAO

JUN DU,
Plaintiff,

v.

TD BANK, KIRZNER & FUCHS, LLC, and RE/MAX LANDMARK REALTORS,
Defendants.

OPINION AND ORDER
May 23, 2011

O'TOOLE, D.J.

The plaintiff, Jun Du, proceeding *pro se*, has brought suit against TD Bank, Kirzner & Fuchs, LLC, and RE/MAX Landmark Realtors, asserting claims that arise out of the unsuccessful sale of her home in 2009. She alleges that the defendants acted with intentional, reckless, and negligent misconduct which caused her falsely to believe that a prospective buyer of her home, Vasillaq Dano, could and would buy her home.

The plaintiff has alleged subject matter jurisdiction exists for this Court to hear her suit under 28 U.S.C. § 1331—federal question jurisdiction—but she has not alleged in her Complaint that the defendants violated any specific federal law or constitutional provision. Each of the defendants filed a motion to dismiss. One of the grounds asserted was that this Court lacked subject matter jurisdiction over what appear to be purely state common law claims raised by the plaintiff. The plaintiff opposes dismissal and argues that the presence of federal question jurisdiction can be assumed here because her state common law claims arise from the heavily federally-regulated fields of banking and mortgage law.

## I. Background

The plaintiff put her home up for sale on October 9, 2009. She alleges in her Complaint that she was contacted that same day by Ilia Cobi, a real estate agent employed by RE/MAX Landmark Realtors. Cobi allegedly insisted upon a private showing for one of his customers, Vasillaq Dano, prior to the first scheduled open house. The plaintiff alleges that immediately after the tour, Dano made an offer to purchase her home. The plaintiff rejected their offer.

The plaintiff alleges that on October 20, 2009, she was faxed another offer from Cobi and Dano. She alleges that this offer was accompanied by a mortgage loan pre-approval letter issued by TD Bank. The plaintiff claims that although the offer was still low, she reluctantly accepted it after being assured of the buyer's financial strength as portrayed by the pre-approval letter. According to the complaint, the next day the parties signed the contract to purchase the plaintiff's home, Dano gave the plaintiff a $500 deposit, and the plaintiff removed the home from the market.

The plaintiff alleges that over the next five days, she repeatedly attempted to contact both Cobi and Ilya Fuchs of Kirzner & Fuchs, LLC, Dano's attorney, in order to finalize the details of their arrangement. She alleges that both Cobi and Fuchs intentionally, recklessly, and negligently failed to return her phone calls because they knew that Dano had decided to back out of the deal. When she finally reached Cobi on October 26, 2009, the day the agreement was to be finalized, Cobi informed her that TD Bank had rejected Dano's mortgage application. Cobi told her that Dano would no longer be purchasing the home and his $500 deposit needed to be returned.

The plaintiff alleges in her Complaint that after she demanded evidence of Dano's rejected mortgage application, she was given falsified mortgage documentation intentionally, recklessly, and negligently by Cobi, Fuchs, and a representative of TD Bank, Nathaniel

2

Tassinari. The plaintiff alleges that this false documentation was created in order to deceive her into waiving her right to sue.

## II.     Standard of Review

Complaints filed by *pro se* litigants are construed liberally by this Court and held to a less demanding standard than those drafted by lawyers. Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000). Even though this Court attempts to guard against the loss of *pro se* claims due purely to technical defects, the same procedural rules governing other litigants still bind individuals proceeding *pro se*. Id.

The party invoking the jurisdiction of a federal court carries the burden of proving the existence of subject matter jurisdiction over the causes of action alleged. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 2000). In the absence of diversity jurisdiction—which has not been alleged to exist here and plainly does not—a federal court generally only has subject matter jurisdiction over a suit when a federal question is presented on "the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). If a federal question is merely "lurking in the background" of a complaint, the dispute is too "doubtful and conjectural, so far removed from plain necessity . . . to extinguish the jurisdiction of the states." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 12 (1983) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 117 (1936)).

## III.    Discussion

The plaintiff asserts in her opposition to the motions to dismiss that federal question jurisdiction exists here because "[b]anking, mortgage, fair credit reporting, and truth in lending are all regulated on the federal level." (See Pl.'s Opp. of Mot. to Dism. 3 (dkt. no. 16-1).) The

plaintiff appears to be arguing that because the federal government regulates mortgages and banks, the presence of federal question jurisdiction must necessarily be assumed.

Federal question jurisdiction cannot rest upon so tenuous a foundation. See Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813 (1986) ("The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."); In re Pharm. Indus. Average Wholesale Price Litig., 457 F. Supp. 2d 65, 75 (D. Mass. 2006) (finding no federal question jurisdiction exists where state common law claims are merely tangentially related to federal Medicaid program); see also Dickey v. Equity Residential Mgmt., LLC, No. 10-11999-RGS, 2010 WL 4961673, at *3 (D. Mass. Nov. 23, 2010) ("Plaintiffs' amorphous and conclusory claim that [their] federal rights have been violated is insufficient to set forth a plausible claim that would support a basis for federal question jurisdiction.").

The plaintiff's asserted causes of action arise entirely under state common law, and no federal question substantial enough to entitle a federal court to hear this case has been presented. See Merrell Dow, 478 U.S. at 813. Therefore, the Complaint must be dismissed.

**IV.**  **Conclusion**

For the foregoing reasons, the motions to dismiss (dkt. nos. 8, 12, and 14) are GRANTED. The complaint (dkt. no. 1) is DISMISSED. The remaining motion by Du for Summary Judgment (dkt. no. 16) is MOOT.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge